UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

ILIR TOPALLI,                  08 Civ. 8162 (AKH) (MHD)

         Plaintiff,                ECF Case

     v.

MULTIPLE SCLEROSIS RESEARCH CENTER OF
NEW YORK, INC; INTERNATIONAL MULTIPLE
SCLEROSIS MANAGEMENT PRACTICE; AND
SAUD SADIQ, M.D.,
         Defendants.
————————————————————————x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW FROM THE REPRESENTATION AND TO FILE UNDER SEAL COUNSEL'S AFFIRMATION IN SUPPORT OF WITHDRAWAL

Pursuant to Local Civil Rule 1.4, Cox Padmore Skolnik & Shakarchy LLP (hereinafter, "Cox Padmore") respectfully submits this memorandum of law in support of its motion to withdraw as counsel to plaintiff Ilir Topalli, Ph.D. The reason for the request to withdraw is set forth in the affirmation of Steven D. Skolnik, dated January 28, 2010 ("Skolnik Affirmation"). Further, Cox Padmore moves the Court for leave to file said affirmation under seal and not in the ECF system, pursuant to which the Court can review it *in camera*, and pursuant to which the defense is denied permission to view said document, due to the potential for prejudice against Dr. Topalli.

## A. Procedural Posture

The case remains at a preliminary stage. In response to Dr. Topalli's original complaint, the defendants filed a motion to dismiss in or about the spring of 2009. The Court entered its ruling dated July 20, 2009. On or about September 11, 2009, plaintiff served an amended complaint. In October of 2009, the defense filed a second motion to dismiss. A decision on the second motion is pending before the Court. To date, there has been no initial conference in the case, and discovery has yet to begin.

## B. Argument

### 1. Applicable Rule

Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Local Civil Rule 1.4.

### 2. A Satisfactory Reason Justifies the Request to Withdraw As Counsel

Based on the Skolnik Affirmation, Cox Padmore now has a functional conflict of interest, which Cox Padmore is powerless to remove. Accordingly, Cox Padmore has no choice but to seek to withdraw from the instant representation at this time. See *Whiting v. Lacara*, 187 F.3d 317, 323 (2d Cir.1999).

The Skolnik Affirmation sets forth a satisfactory reason to grant this motion.

## C. Conclusion

For the foregoing reasons, this Court should grant this motion to withdraw.

DATED: New York, NY
January 28, 2010

           COX PADMORE SKOLNIK & SHAKARCY LLP
           Attorneys for Dr. Ilir Topalli

By: _____
      Steven D. Skolnik, P.C.
      Steven D. Skolnik, Esq. (SS-1122)
      630 Third Avenue, 19th Floor
      New York, NY 10017
      (212)953-6633

To: Lawrence J. Baer, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Ilir Topalli, Ph.D.
160 East 91st Street, 6F
New York, NY 10128